H. A. Sideman and H. B. Siegel, Trading as Stanley Roberts & Company, Defendants in Error, v. William J. Baumann and Caroline Baumann, Plaintiffs in Error.

Gen. No. 35,060.

Opinion filed June 22, 1931.

JOSEPH P. IMMEL, for plaintiffs in error.

No appearance for defendants in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this writ of error the defendants seek to reverse an order of the municipal court of Chicago denying their motion to vacate a judgment entered in favor of plaintiffs and against defendants.

The record discloses that on May 19, 1930, plaintiffs, who claimed to be the payees of a promissory note for $2,300 made by the defendants, dated April 26, 1930, caused judgment to be entered in their favor and against defendants for $2,358.04, being the face of the note with interest and $50 attorney's fees. On October 9, the defendants filed their motion, supported by a verified petition, to vacate and set aside the judgment and for leave to defend the case on its merits. The motion was entered and continued to November 26, when defendants were given leave to file their amended petition in support of their motion. The matter was then heard, the motion denied, and the defendants prayed an appeal to this court. Subsequently this writ of error was sued out.

The hearing on the motion to vacate was based on the petition and the amended petition. The petition set up that although the judgment by confession was entered in May, the defendants knew nothing of it until served with an execution on October 3, 1930; that the note in suit was given by defendants for what they thought was a contract to buy two lots from plaintiffs; that the note was fraudulently obtained by plaintiffs and was without consideration; that plaintiffs' duly authorized agent stated at the time of the execution of the note that the lots were within the limits of the Village of LaGrange; that all underground improvements such as gas, sewer, water, etc., were in. The petition further set up that the lots were not located in LaGrange; that the underground improvements had not been installed; that they relied upon the statements of plaintiffs' representatives, which were afterwards discovered by them to be false and fraudulent. It further alleged that at the time plaintiffs' representative stated that the property was very valuable and within a short time there would be a large increase in price; and it was averred that the price mentioned was grossly excessive. The

amended petition sets up the same matters in more detail and further sets up verbatim a document executed by plaintiffs at the time of the execution of the note, which purports to be an option or proposition to sell defendants the two lots. The substance of this document is: That Stanley Roberts & Co. "(not Inc.)" is conducting a general estate business and guarantees the following statements and representations to be true, and agrees to refund to any purchaser of the lots in the subdivision in question, bought from it, the full amount paid with 6 per cent interest, "provided the following statements and representations are established by the purchaser after personal inspection not to be as herein stated." Then follow statements alphabetically enumerated from "A" to "I" both inclusive, the substance of which is that the property is located in Cook county "on Fifth avenue, one of Cook county's principal highways which is paved—Approximately 15 miles from Chicago City Hall . . . 3 minutes ride from schools, churches," etc., "15 minutes ride to the city limits of Chicago, . . . 3 minutes ride from limits of LaGrange. . . . $7,500 minimum building restriction. . . . Subdivided on plan approved by . . . Cook county," and that the roads in the subdivision are built according to the specifications of the authorities of LaGrange. Following these appears the name, "STANLEY ROBERTS & Co. (not Inc.)" and then:

"Relying only upon the statements and representations herein contained I have purchased property in Sherman Gardens Subdivision. I hereby agree to call at the office of the Stanley Roberts & Co. (not Inc.) for the purpose of enabling the Company to establish, exhibit and prove the verity of said statements and representations.

Chicago, Ill. 4/26, 1930

"I hereby tender the STANLEY ROBERTS & Co. (not Inc.) ———— the sum of $2,300.00 (Note) initial

payment on option for purchase'' (describing the two lots.)

"In consideration of which the option is hereby granted to purchase said Lot(s) for the purchase price of $8,800 with interest on unpaid balances from date hereof at 6 per cent, such option to continue in force providing payments are made as follows: ————— If payments are not made when due as above specified this option shall forthwith cease and all rights of optionee hereunder or in or to said real estate or moneys paid hereunder, terminate, and all amounts paid hereunder be retained by the undersigned agent as consideration for granting and continuance of this option during such time as it continues. Provided, however, that if the payments requisite as hereinbefore specified, to continue this option in effect, shall be made and this option continue in effect and be thus in effect when amounts shall have been paid hereunder aggregating 50 per cent of the amount specified above as purchase price, then and thereupon this option shall be considered exercised and fulfilled by optionee, and optionee shall be thereupon entitled to receive and enter into with Owner of said real estate, a contract for deed upon the following terms and conditions:

"Payments under the said contract are to be made at the minimum sum of fifty cents (50¢) per day, plus six per cent (6%) interest on the unpaid balance for each lot so purchased.

"The said contract is to set forth all restrictions on the said real estate, which restrictions are now on file at the office of the Stanley Roberts & Co. (not Inc.).

"When final payment for said Lot(s) has been made under the contract herein referred to, the purchaser is to receive a clear warranty deed to the above mentioned Lot(s) subject to such restrictions and to restrictions or regulations of any public authorities.

"No salesman has authority to alter this agreement in any particular, and it is understood that the Stanley Roberts & Co. (not Inc.) is not bound by any representation, agreements, terms or conditions not contained herein.

STANLEY ROBERTS & Co. (not Inc.)

"I have seen the lots above enumerated and AM DESIROUS OF PURCHASING SAME STRICTLY UPON THE MERITS of the property and not by any promises or statements made by your representative or upon any hearsay information I may have received. I BELIEVE IN THE FUTURE of the above property and am depending entirely upon my own judgment on the purchase of said property. I hereby acknowledge receipt of duplicate copy of this certificate.

"I therefore this date set my hand and seal.

"Seal   Caroline Baumann
"Seal   William J. Baumann

"A contract for Deed signed and sealed by all parties concerned will be prepared within thirty (30) days after this agreement is accepted by seller.
Phone     No phone

Seal....................
3310 N. Troy St.
H. A. Sideman
Broker
By S. M. Schwid"

We are unable to properly designate the document above quoted and it bears the earmarks of being prepared to entrap the unwary. It starts by saying that Stanley Roberts & Co. (not Inc.) guarantees certain statements and agrees to refund any money paid to it in case the statements are not true. And after the specification of the statements, it purports to be signed

by Stanley Roberts & Co. (not Inc.). Then follows what purports to be a tender of $2,300 in the form of the note in suit by the defendants to Stanley Roberts & Co. as the initial payment, and in consideration of the note the option is granted defendants to purchase the two lots for $8,800; the unpaid balance to be made as follows: ————. It therefore appears that no time is designated within which the balance of the $8,800 is to be paid. The document then continues, that if the payments are not made when due (as stated, there is no time for payment designated in the contract), all of the rights of the "optionee terminate and the amount paid is to be retained by the undersigned agent as consideration for granting and continuance of this option."

It then provides that if the payments are made as designated (no dates are mentioned) until 50 per cent of the purchase price has been paid, then the option shall be considered exercised by the "optionee" and the "optionee" shall thereupon be entitled to receive a contract for a deed from the owner. Who the owner is is not shown, nor is there anything said to show any authority of the agent to act for the owner, whoever he might be.

The document also provides that when all the payments have been made by defendants they are to receive "a clear warranty deed" to the premises subject to restrictions. Again, the document purports to be signed by Stanley Roberts & Co. (not Inc.). Then follows a statement that the purchasers have decided to purchase the lots "strictly upon the merits" and that "they believe in the future of the property." This is signed by the two defendants and "H. A. Sideman, broker, by S. M. Schwid." Then appears the following: "A contract for Deed signed and sealed by all parties concerned will be prepared within thirty (30) days after this agreement is accepted by seller."

Nowhere is there any acceptance by the seller, whoever he might be.

It is obvious that the document is ambiguous and meaningless. It is not a binding obligation on anyone. *Weber v. Hulbert*, 225 Ill. App. 321.

The order of the municipal court of Chicago is reversed and the cause is remanded with directions to allow the defendants' motion and that leave be given them to defend the case.

*Reversed and remanded with directions.*

MATCHETT and MCSURELY, JJ., concur.